**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY PEET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00164-SNLJ |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Self-represented Plaintiff Gregory Peet has filed a civil complaint (ECF No. 1) and motion seeking leave to proceed in forma pauperis. (ECF No. 2). Having reviewed the motion, the Court finds that Plaintiff cannot pay the filing fee, and will grant him leave to proceed in forma pauperis. Having reviewed the complaint, the Court finds it fails to state a claim upon which relief may be granted, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2). Finally, the Court will deny as moot Plaintiff's remaining pending motions.

**I.      Background**

According to the complaint, Plaintiff was charged with statutory rape on or about August 2, 1995 in Scott County, Missouri. He pleaded guilty in 1997, and was sentenced to serve 5 years in prison. He unsuccessfully sought relief from his conviction and sentence in state court. He is now required to register as a sex offender.

Plaintiff filed the complaint against the State of Missouri, Scott County Missouri, the Scott County Missouri Prosecutor's Office, the Jackson Missouri Public Defender's Office, and the following individuals: Kenton Hall, Pat McMenamin, Officer John Doe,

and John Doe. The complaint is typewritten on plain paper. It includes the following

jurisdictional statement:

> Subject Matter Jurisdiction: This Court has subject matter jurisdiction over
> this case pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds
> the sum or value of $75,000, exclusive of interest and costs, and is between
> citizens of different states. The plaintiff is a citizen of the State of
> Kentucky, and the defendant is a citizen of another state.

(ECF No. 1 at 4). Plaintiff lists the residences of the individual defendants as "unknown,"

but nevertheless states they are domiciled in Missouri. *Id.* at 5-6. Plaintiff does not state

an intent to invoke this Court's federal question jurisdiction.

Plaintiff's claims arise from his Missouri state criminal proceedings. He identifies

the following five claims for relief: "Count One: Ineffective Assistance of Counsel;"

"Count Two: Eighth Amendment Violations—Prohibition of Excessive Sentences;"

"Count Three: Fourteenth Amendment Violations—Procedural Due Process;" "Count

Four: Fourteenth Amendment Violations—Substantive Due Process;" and "Count Five:

Monell Claim Against Scott County—Policy or Custom." *Id.* at 8-17. He alleges as

follows.

The charging document inaccurately classified the offense as Class C, which

carried a higher sentencing range than the proper classification. Hall and McMenamin

served as Plaintiff's attorneys, and throughout the proceedings, Plaintiff "was not

adequately informed or made aware by his counsel of the misclassification error, nor was

the error corrected by the judicial system despite its implications on his sentencing and

subsequent rights." *Id.* at 7. Plaintiff entered an open guilty plea, and believed that

sentencing would be left to the court's discretion. However, "the prosecutor"

recommended a 5-year sentence. *Id.* at 6-7. That sentence was imposed "based on the erroneous classification of the offense as a Class C felony." *Id.* at 7. Plaintiff writes:

> The actions and inactions of Mr. Peet's counsel, the prosecutor, and the sentencing court have led to a fundamentally unfair outcome, violating Mr. Peet's rights under the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.
> . . .
> Scott County, through its officials and policies, failed to ensure proper legal procedures were followed, contributing to the constitutional violations experienced by Mr. Peet.

*Id.* at 7-8. As noted above, he seeks damages in an amount exceeding $75,000.

## II.    Standard

Federal law requires this Court to review a complaint filed in forma pauperis, and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint

as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

This Court must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That means that if the essence of the layperson's allegation is discernible, this Court should construe the complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, this Court is not required to interpret procedural rules in ordinary civil litigation so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III. Discussion

Plaintiff specifies that he invokes this Court's jurisdiction under 28 U.S.C. § 1332, he avers that he and the Defendants are diverse, he identifies five claims for relief, and he seeks damages in an amount exceeding $75,000. However, Plaintiff does not identify a statute or even an area of law that could be construed as authorizing him to bring his claims for relief in this 28 U.S.C. § 1332 action. As a result, the Court cannot discern, with any specificity, what Plaintiff's legal theories are. While this Court must liberally

construe Plaintiff's complaint, the Court will not construct a legal theory for him. *See Stone*, 364 F.3d at 914-15.

Plaintiff does not claim reliance on federal law, or reference 42 U.S.C. § 1983. Nevertheless, the Court has considered whether Plaintiff's claims would survive § 1915 review if they were construed within the framework of § 1983, and concludes they would not. First, success on Plaintiff's claims would clearly implicate the validity of his conviction and sentence. Plaintiff has not shown that his conviction or sentence have been reversed, expunged, or called into question in a habeas corpus action. His § 1983 claims would therefore be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). Second, Plaintiff makes no attempt to show that his claims accrued later than 1997, and he did not file the complaint until 2024. His § 1983 claims would therefore be time-barred. *See Sulik v. Taney County, Mo*., 393 F.3d 765, 766-67 (8th Cir. 2005) (explaining the applicable statute of limitations for § 1983 claims brought in Missouri) and *Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (district court may properly dismiss a complaint when it is apparent that statute of limitations has run).

## IV.    Conclusion

The Court finds the complaint fails to state a claim upon which relief may be granted, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2). The Court will deny as moot Plaintiff's "Motion to Compel Status Update and Request for Hearing" (ECF No. 4) in which he seeks information and/or a hearing about the status of this case, and his "Motion to Consolidate Cases" in which he moves to consolidate this action with his pending Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF No. 6). The

Court finds there would be no non-frivolous basis to argue that the complaint stated a claim upon which relief may be granted, so the Court will certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that  Plaintiff's "Motion to Compel Status Update and Request for Hearing" (ECF No. 4) and "Motion to Consolidate Cases" (ECF No. 6) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of November, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE